

Electronically Filed - BUCHANAN - May 03, 2023 - 10:39 AM

**IN THE CIRCUIT COURT OF BUCHANAN COUNTY, MISOSURI**
**DIVISION NO. ______**

| | | |
|---|---|---|
| **SHAWN HUGHS,**<br><br>**Plaintiff,**<br>**v.**<br><br>**BLUE RIDGE BANK AND TRUST CO.**<br>Service Address:<br>Reg. Agent: Bank and Trust Service of Process<br>4200 Little Blue Parkway<br>Independence, MO 64050<br><br>**&**<br><br>**MO-KAN CENTRAL RECOVERY, INC.**<br>Service Address:<br>Reg. Agent: Julius M. Oswald<br>601 NW Jefferson<br>Blue Springs, MO 64014<br><br>**Defendants.** | ) | **PETITION FOR DAMAGES**<br><br>**Case No.:**<br><br>**JURY TRIAL DEMANDED** |

**PETITION AND JURY DEMAND**

COMES NOW, Plaintiff Shawn Hughs ("Plaintiff"), by and through the undersigned counsel, and for his Petition against Defendants, Blue Ridge Bank and Trust Co. ("Blue Ridge") and Mo-Kan Central Recovery, Inc. ("Mo-Kan," and together with Blue Ridge, "Defendants") for violations of Mo. Rev. Stat, Section 407.010, The Missouri Merchandising Practices Act, ("MMPA"); Mo. Rev. Stat. 408.554; 15 U.S.C. 1692, the Fair Debt Collection Practices Act ("FDCPA"); common law conversion; and UCC Article 9, states as follows:

**JURISDICTION AND VENUE**

1. Venue is proper because the acts and transactions occurred in Buchanan County, Plaintiff was in Buchanan County at the time of the acts and transactions, and Defendants transact business in Buchanan County, Missouri.

Electronically Filed - BUCHANAN - May 03, 2023 - 10:39 AM

2. Plaintiff resides in Platte City, Missouri.

3. Defendant Blue Ridge practices throughout the state of Missouri, including in St. Joseph, Missouri.

4. Defendant Mo-Kan acts as a debt collector attempting to collect consumer debts throughout the state of Missouri, including St. Joseph, Missouri.

5. The acts that occurred giving rise to this petition occurred while Plaintiff was in the city of St. Joseph, Buchanan county, Missouri.

**PARTIES**

6. Plaintiff is a natural person currently residing in the state of Missouri.

7. Defendant Blue Ridge is a Missouri company engaged in the business of servicing loans in this state with its principal address at 4200 Little Blue Parkway, Suite 150, Independence, Missouri 64057.

8. Defendant Mo-Kan is a Missouri company that acts as a debt collector whose primary practice consists of collecting on alleged consumer debts said to be originally owed to others by and through repossessing vehicles, with its principal address at 205 Harris Street, Grain Valley, Missouri 64029.

**FACTUAL ALLEGATIONS**

9. Plaintiff entered into a consumer loan with Blue Ridge for his 2013 GMC Yukon Denali, with VIN 1GKS2EEF4DR257293 ("the vehicle").

10. Plaintiff entered into this consumer loan on or about October 2018.

11. This consumer loan was a retail installment contract with a security interest in the vehicle.

Electronically Filed - BUCHANAN - May 03, 2023 - 10:39 AM

12. Thereafter, on a date better known by Blue Ridge, in November 2022, the loan went into default status.

13. On or about January 2023, the co-signor on the loan for the vehicle advised that the vehicle could be taken.

14. At no point in time did Defendants seek or receive permission from Plaintiff to take the vehicle.

15. Defendants, at no point in time, sent a Notice of Default and Right to Cure to Plaintiff.

16. Defendants must send a Notice of Default and Right to Cure to all borrowers at their last known addresses when a borrower has defaulted on a loan before it can repossess a security interest.

17. Defendants did not have a present right of possession to the vehicle until the vehicle has been in default for the requisite time, and Defendants have sent this Notice and provided the consumer twenty days to cure the default, or alternatively had consent of all co-signors to take the vehicle.

18. On a date better known by Defendants, Blue Ridge hired or otherwise contracted with Mo-Kan to repossess the vehicle.

19. No court order or writ exists allowing Defendants to take possession of the vehicle. As such, any repossession is a "self-help" repossession and must be done without a breach of peace.

20. On or about February 2, 2023, a Mo-Kan representative, who upon information and belief is named Phoenix Roberts, sought to repossess the vehicle.

21. When the Mo-Kan representative showed up at the residence where Plaintiff was staying, Plaintiff was inside of the vehicle and the vehicle was running.

22. The Mo-Kan representative spoke to Plaintiff, who remained next to the running vehicle during the conversation, and witnessed Plaintiff return to the vehicle after the conversation ended.

23. At that point in time, the Mo-Kan representative was aware that Plaintiff was inside the running vehicle.

24. The Mo-Kan representative then started to drive away, but abruptly turned around and stopped his vehicle immediately behind Plaintiff.

25. At this point in time, Plaintiff was still in the running vehicle.

26. The Mo-Kan representative then called the police to facilitate with the repossession.

27. Because police will not get involved in civil matters such as private "self-help" repossessions, the Mo-Kan representative falsely stated to police that Plaintiff had a gun and was threatening him with said gun to coerce police to arrive.

28. Upon information and belief, the Mo-Kan representative made this false accusation in order to facilitate the repossession, because he knew he did not have a right to take the vehicle with Plaintiff still inside of it.

29. During his false 911 call, the Mo-Kan representative even admitted to police that he could see Plaintiff in the vehicle.

30. The Mo-Kan representative requested police assistance with the repossession by forcing Plaintiff out of the vehicle.

31. The Mo-Kan representative lifted the running vehicle on his truck to tow it, despite knowing that Plaintiff was still in the vehicle.

Electronically Filed - BUCHANAN - May 03, 2023 - 10:39 AM

Electronically Filed - BUCHANAN - May 03, 2023 - 10:39 AM

32. Plaintiff was then subjected to being pulled out of his running vehicle by police, despite not having committed any crime.

33. Plaintiff was not required to turn off or get out of his vehicle when the Mo-Kan representative arrived.

34. The Mo-Kan representative was not entitled to seek police assistance with a repossession when there is not a court order for such a repossession.

35. The Mo-Kan representative was clearly lying about Plaintiff having a gun because no gun was found on Plaintiff's person or in his vehicle by police.

36. The Mo-Kan representative breached the peace when he lifted the vehicle to tow it despite knowing that an individual was still inside of the vehicle.

37. The Mo-Kan representative breached the peace when he submitted a false report to police that Plaintiff had a gun.

38. The Mo-Kan representative breached the peace when he sought police assistance to facilitate a self-help repossession.

39. At the time of the repossession, Defendants only had a present right of possession to the vehicle if they were able to take possession without breaching the peace.

40. Defendants intended to deprive Plaintiff of the vehicle by taking the vehicle after having breached the peace in multiple different ways.

41. The alleged debt owed on the vehicle was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

42. Upon information and belief, Blue Ridge exercised control over Mo-Kan's conduct and attempts to collect the alleged debt. See *Pollice v. National Tax Funding, L.P.*, 225 F.3d 379, 404 (3d Cir. 2000); *Okyere v. Palisades Collection, LLC*, 961 F. Supp. 2d 508 (S.D.N.Y. 2013);

Electronically Filed - BUCHANAN - May 03, 2023 - 10:39 AM

*See also*, e.g., *Plummer*, 66 F. Supp. 3d at 493; *Fritz v. Resurgent Cap. Servs., LP*, 955 F. Supp. 2d 163, 177 (S.D.N.Y. 2013).[6]; *Clark v. Capital Credit & Collection Services, Inc.*, 460 F.3d 1162, 1173 (9th Cir. 2006); *Bodur v. Palisades Collection, LLC*, 829 F. Supp. 2d 246, 259 (S.D.N.Y. 2011). *See also*, e.g., *Nichols v. Niagara Credit Recovery, Inc.*, No. 12-cv-1068, 2013 WL 1899947, at *5 (N.D.N.Y. May 7, 2013); *Sanchez v. Abderrahman*, No. 10 Civ. 3641, 2013 WL 8170157, at *6 (E.D.N.Y. July 24, 2013).

43. Blue Ridge is vicariously liable for Mo-Kan's actions as it had agency over determining the manner in which the debt collector, Mo-Kan, was allowed to attempt to collect on its behalf.

44. Mo-Kan would not have attempted to collect the alleged debt on behalf of Blue Ridge if Mo-Kan had not in fact given them approval or agency to act on their behalf to collect in a manner Blue Ridge had knowingly approved or permitted.

45. Upon information and belief, Blue Ridge gave Mo-Kan the instruction, and thus agency, to attempt to collect the alleged debt from Plaintiff in the improper and illegal manner in which Mo-Kan did.

46. A secured party cannot delegate the duty to repossess in a peaceable manner to third parties, and as such Blue Ridge is responsible for the actions of any independent contractors hired to repossess a vehicle through self-hep remedies, including Mo-Kan. *Robinson v. Citicorp Nat. Servs., Inc.,* 921 S.W.2d 52, 55 (Mo. Ct. App. 1996).

47. Plaintiff suffered injury-in-fact by being subjected to inaccurate, unfair, and abusive practices of the Defendants.

48. Plaintiff has suffered actual harm caused by Defendants, including but not limited to the loss of the value of his property, the loss of use of his vehicle, stress, anxiety, extreme

embarrassment caused by the public and illegal collection activities, damage to his reputation, major inconvenience, loss of time, fear, and attorneys' fees.

49. Plaintiff would have pursued a different course of action had Defendants not violated both the FDCPA and Missouri statutes and had he been sent a Notice of Default and Right to Cure.

50. Plaintiff's injury-in-fact is fairly traceable to the challenged representations of Defendants.

51. Plaintiff's injury-in-fact is likely to be redressed by a favorable decision in this Court.

**COUNT I-Violations of Mo. Rev. Stat. Section 408.555**

52. Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

53. Pursuant to Mo. Rev. Stat. § 408.555, Blue Ridge was prohibited from taking possession of the vehicle until 20 days after providing Plaintiff with Notice of his right to cure.

54. Blue Ridge never sent Plaintiff a Notice of Default or Notice of Right to Cure, as required by law.

55. Blue Ridge violated Mo. Rev. Stat. §408.555.1 when it repossessed the vehicle without first providing Notice of Default and Notice of Right to Cure to Plaintiff.

56. As a direct and proximate result of Blue Ridge's violation of Mo. Rev. Stat. § 408.555.1, Plaintiff was damaged.

57. Pursuant to Mo. Rev. Stat. § 408.562, Plaintiff may recover actual and punitive damages, aswell as reasonable attorney's fees and equitable relief the court deems necessary and proper.

Electronically Filed - BUCHANAN - May 03, 2023 - 10:39 AM

Electronically Filed - BUCHANAN - May 03, 2023 - 10:39 AM

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Shawn Hughs, prays that this Court:

A. Declare that Blue Ridge's actions violate Mo. Rev. Stat. § 408.555;

B. Enter judgment in favor of Plaintiff Shawn Hughs and against Blue Ridge, for actual and statutory damages, costs, and reasonable attorneys' fees in such sum greater than $25,000.00;

C. Enter judgment in favor of Plaintiff Shawn Hughs, and against Blue Ridge, for punitive damages in an amount that will fairly and reasonably punish Commerce for its conduct and deter others; and

D. Grant other such further relief as deemed just and proper.

**COUNT II – Violation of Mo. Rev. Stat. § 400.9-609; UCC Article 9**

58. Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

59. Missouri has adopted UCC Article 9 into Mo. Rev. Stat. § 400.9.

60. Mo. Rev. Stat. § 400.9-609 states that a secured party may only take possession after default without judicial process if it does so without a breach of the peace.

61. Defendants breached the peace in several different ways, as laid out above, including but not limited to, seeking police assistance to effectuate a non-judicial repossession, submitting a false police report against Plaintiff, and knowingly lifting the vehicle with Plaintiff inside.

62. Pursuant to Section 625, Plaintiff is entitled to his damages for Defendants' failure to comply with this article, as well as an amount not less than the credit service charge plus ten percent of the principal amount of the obligation or the time-price differential plus the

Electronically Filed - BUCHANAN - May 03, 2023 - 10:39 AM

percent of the cash price.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Shawn Hughs, prays that this Court:

A. Declare that Defendants' actions violate the UCC Article 9;

B. Enter judgment in favor of Plaintiff Shawn Hughs and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees in such sum greater than $25,000.00;

C. Grant other such further relief as deemed just and proper.

**COUNT III: Violations Of § 1692f Of The FDCPA – Unfair Practices**

63. Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

64. Section 1692f prohibits the use of unfair and unconscionable means to collect a debt.

65. Section 1692f(6) of the FDCPA specifically prohibits the taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if there is no present right to possession of the vehicle.

66. Defendants did not send Plaintiff the required Notice of Default and Right to Cure as a co-signor on the loan for the vehicle.

67. Defendants thus did not have a present right of possession to the vehicle.

68. Further, even assuming, *arguendo*, that Defendants had a right of possession to the vehicle, as soon as Mo-Kan breached the peace by calling the police to assist with the repossession, falsely reporting that Plaintiff was brandishing a weapon, and lifting a running vehicle with an individual still inside, it no longer had a present right of possession to the vehicle.

Electronically Filed - BUCHANAN - May 03, 2023 - 10:39 AM

69. Defendants did not have a present right of possession to the vehicle.

70. Defendants took nonjudicial action to effect dispossession of a vehicle.

71. Defendants' violation of § 1692f of the FDCPA and unfair actions toward Plaintiff renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Shawn Hughs, prays that this Court:

A. Declare that Defendants' debt collection actions violate the FDCPA;

B. Enter judgment in favor of Plaintiff Shawn Hughs, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA in such sum greater than $25,000.00; and

C. Grant other such further relief as deemed just and proper.

**COUNT IV: Violations Of § 1692e Of The FDCPA – Misleading Representations**

72. Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

73. Section 1692e prohibits the use of false, deceptive or misleading representations or means in connection with the collection of a debt.

74. Section 1692e(7) of the FDCPA specifically prohibits the false representation or implication that the consumer committed any crime or other conduct in order to disgrace the consumer.

75. Defendants falsely accused Plaintiff of brandishing a firearm, despite no firearm being found anywhere near the scene of the incident, making it impossible for Plaintiff to have done so.

Electronically Filed - BUCHANAN - May 03, 2023 - 10:39 AM

76. Defendants called police to assist in a repossession, despite police not having any authority to assist or facilitate a non-judicial repossession.

77. Defendants clearly misrepresented Plaintiff having a gun to police because no gun was found on Plaintiff's person or in his vehicle after he was unlawfully arrested.

78. In taking these actions, Defendants not only accused Plaintiff of committing a crime he did not commit, but also led Plaintiff to believe he had committed a crime in not turning over the vehicle.

79. Defendants' violation of § 1692e of the FDCPA and false statements toward Plaintiff and about Plaintiff toward police renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Shawn Hughs, prays that this Court:

D. Declare that Defendants' debt collection actions violate the FDCPA;

E. Enter judgment in favor of Plaintiff Shawn Hughs, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA in such sum greater than $25,000.00; and

F. Grant other such further relief as deemed just and proper.

**COUNT V: Violations of Mo. Rev. Stat. Section 407.010 et. seq**

80. Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

81. Blue Ridge's actions have violated the Mo. Rev. Stat. Section 407.010, the Missouri Merchandising Practices Act, ("MMPA").

82. The MMPA states:

"The act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce. . . in or from the State of Missouri, is declared to be an unlawful practice."

83. An unfair practice under the MMPA includes a practice that offends public policy as established by the Constitution, statutes or common law of this state; or is unethical or unscrupulous and presents a risk of substantial injury to the consumer.

84. Plaintiff financed a vehicle with Blue Ridge.

85. This vehicle was used for personal and family purposes.

86. Blue Ridge's illegal actions caused an ascertainable loss of money and property to Plaintiff due to these illegal actions.

87. Blue Ridge, in entering into this agreement with Plaintiff, assured him that it would comply with the terms of the contract, which included the ability to cure any defaults.

88. Blue Ridge, in entering into this agreement with Plaintiff, assured him that he, as a signor on the contract, would be entitled to the same rights as his co-borrower.

89. Blue Ridge's failure to provide a Right to Cure letter violates public policy as established by the statues of Missouri, specifically Mo. Rev. Stat. §§ 408.554 and 408.555, as well as those in common law.

90. Blue Ridge's breach of peace violates public policy as established by the statutes of Missouri, specifically Mo. Rev. Stat. § 400.9-609.

91. Plaintiff would not have entered into any agreement or relationship with Blue Ridge had it not made such assurances.

92. Blue Ridge's violations of the MMPA renders it liable for Plaintiff's actual damages, in addition to attorney's fees.

Case 5:23-cv-06073-FJG Document 1-2 Filed 06/16/23 Page 12 of 20

Electronically Filed - BUCHANAN - May 03, 2023 - 10:39 AM

Electronically Filed - BUCHANAN - May 03, 2023 - 10:39 AM

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Shawn Hughs prays that this Court:

A. Declare that Blue Ridge's debt collection actions violate the MMPA;

B. Enter judgment in favor of Plaintiff Shawn Hughs, and against Blue Ridge, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by the MMPA in such sum greater than $25,000.00; and

C. Grant other such further relief as deemed just and proper.

**COUNT VI - Conversion**

93. Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

94. Plaintiff and his spouse were entitled to sole possession of the vehicle pursuant to their loan agreement with Blue Ridge.

95. Blue Ridge had no right to take possession of the vehicle until it fully complied with all requirements set forth by Missouri law or had the consent of both co-signors to take possession of the vehicle.

96. Blue Ridge repossessed the vehicle without first providing notice of default or notice of the right to cure to Plaintiff, as required by Mo. Rev. Stat. § Section 408.

97. Blue Ridge thus unlawfully deprived Plaintiff of his right to possession, ownership, and control of the vehicle.

98. Blue Ridge did not have Plaintiff's authorization or permission to repossess the vehicle.

99. Blue Ridge's actions were willful, wanton, and malicious, and were done with evil motive or reckless indifference to the rights of Plaintiff, as evidenced by its excessive breaches of peace as laid out above.

Electronically Filed - BUCHANAN - May 03, 2023 - 10:39 AM

100. As a direct and proximate result of Blue Ridge's conversion of the vehicle, Plaintiff was, and continues to be, damaged.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Shawn Hughs, prays that this Court:

A. Declare that Blue Ridge's actions violate the common law principles of conversion;

B. Enter judgment in favor of Plaintiff Shawn Hughs, and against Blue Ridge, for actual and statutory damages, costs, and reasonable attorneys' fees in such sum greater than $25,000.00; and

C. Grant other such further relief as deemed just and proper.

## JURY DEMAND

101. Plaintiff hereby demands a jury trial on all counts so triable.

Dated: May 3, 2023.

Respectfully Submitted,

**SPARKS LAW FIRM**

By: /s/ Samantha Sparks
Samantha Sparks, #72058
Paige Sparks, #72143
2025 Zumbehl Road, #102
St. Charles, Missouri 63303
P: (636) 373-9375
F: (314) 451-2567
sam@sparks-legal.com
paige@sparks-legal.com
Attorneys for Plaintiff

# IN THE 5TH JUDICIAL CIRCUIT, BUCHANAN COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>KATE H SCHAEFER | **Case Number: 23BU-CC00682** |
| Plaintiff/Petitioner:<br>SHAWN HUGHS<br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>SAMANTHA JOANNE ORLOWSKI<br>2025 ZUMBEHL RD<br>#102<br>ST CHARLES, MO 63303 |
| Defendant/Respondent:<br>BLUE RIDGE BANK AND TRUST CO. | Court Address:<br>BUCHANAN CO COURTHOUSE<br>411 JULES ST<br>SAINT JOSEPH, MO 64501<br>**STATUS REVIEW HEARING SET:**<br>**JULY 27, 2023 AT 9:00 A.M. DIV 1** |
| Nature of Suit:<br>CC Other Miscellaneous Actions | |

(Date File Stamp)

## Summons in Civil Case

**The State of Missouri to: BLUE RIDGE BANK AND TRUST CO.**
**Alias:**

**REG. AGENT: BANK AND TRUST SER**
**4200 LITTLE BLUE PARKWAY**
**INDEPENDENCE, MO 64050**

*COURT SEAL OF*

*BUCHANAN COUNTY*

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

May 4, 2023 — Date

/s/ Judy Hunt — Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with ______________________, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:

______________________ (name) ______________________ (title).

☐ other: ______________________.

Served at ______________________ (address)

in ______________ (County/City of St. Louis), MO, on ______________ (date) at ________ (time).

______________________ Printed Name of Sheriff or Server

______________________ Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on ______________________ (date).

*(Seal)*

My commission expires: ______________ Date ______________________ Notary Public

**Sheriff's Fees, if applicable**

| | |
|---|---|
| Summons | $________ |
| Non Est | $________ |
| Sheriff's Deputy Salary Supplemental Surcharge | $ 10.00 |
| Mileage | $________ (______ miles @ $.______ per mile) |
| **Total** | **$________** |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

SJRC (07-21) SM30 (SMCC) *For Court Use Only:* **Document ID # 23-SMCC-415** 1 of 1 (23BU-CC00682) Civil Procedure Form No. 1, SCR 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo



# IN THE 5TH JUDICIAL CIRCUIT, BUCHANAN COUNTY, MISSOURI

| Judge or Division:<br>KATE H SCHAEFER | Case Number: 23BU-CC00682 | |
|---|---|---|
| Plaintiff/Petitioner:<br>SHAWN HUGHS<br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>SAMANTHA JOANNE ORLOWSKI<br>2025 ZUMBEHL RD<br>#102<br>ST CHARLES, MO 63303 | |
| Defendant/Respondent:<br>BLUE RIDGE BANK AND TRUST CO. | Court Address:<br>BUCHANAN CO COURTHOUSE<br>411 JULES ST<br>SAINT JOSEPH, MO 64501<br>**STATUS REVIEW HEARING SET:**<br>**JULY 27, 2023 AT 9:00 A.M. DIV 1** | (Date File Stamp) |
| Nature of Suit:<br>CC Other Miscellaneous Actions | | |

## Summons in Civil Case

**The State of Missouri to: MO-KAN CENTRAL RECOVERY, INC.**
**Alias:**

**REG. AGENT: JULIUS M. OSWALD**
**601 NW JEFFERSON**
**BLUE SPRINGS, MO 64014**

*COURT SEAL OF*

CIRCUIT COURT OF MISSOURI

*BUCHANAN COUNTY*

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

May 4, 2023 — Date

/s/ Judy Hunt — Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with ______________________, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:
______________________ (name) ______________________ (title).

☐ other: ______________________.

Served at ______________________ (address)

in ______________ (County/City of St. Louis), MO, on ______________ (date) at __________ (time).

______________________ Printed Name of Sheriff or Server

______________________ Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on ______________________ (date).

*(Seal)*

My commission expires: ______________ Date

______________________ Notary Public

**Sheriff's Fees, if applicable**

| | |
|---|---|
| Summons | $________ |
| Non Est | $________ |
| Sheriff's Deputy Salary Supplemental Surcharge | $ 10.00 |
| Mileage | $________ (______ miles @ $.______ per mile) |
| **Total** | **$________** |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.



# IN THE 5TH JUDICIAL CIRCUIT, BUCHANAN COUNTY, MISSOURI

Electronically Filed - Buchanan - May 22, 2023 - 11:09 AM

| | |
|---|---|
| Judge or Division:<br>KATE H SCHAEFER | **Case Number: 23BU-CC00682** |
| Plaintiff/Petitioner:<br>SHAWN HUGHS<br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>SAMANTHA JOANNE ORLOWSKI<br>2025 ZUMBEHL RD<br>#102<br>ST CHARLES, MO 63303 |
| Defendant/Respondent:<br>BLUE RIDGE BANK AND TRUST CO. | Court Address:<br>BUCHANAN CO COURTHOUSE<br>411 JULES ST<br>SAINT JOSEPH, MO 64501<br>**STATUS REVIEW HEARING SET:**<br>**JULY 27, 2023 AT 9:00 A.M. DIV 1** |
| Nature of Suit:<br>CC Other Miscellaneous Actions | |

(Date File Stamp)

## Summons in Civil Case

**The State of Missouri to: BLUE RIDGE BANK AND TRUST CO.**
**Alias:**

**REG. AGENT: BANK AND TRUST SER**
**4200 LITTLE BLUE PARKWAY**
**INDEPENDENCE, MO 64050**

*COURT SEAL OF*

*BUCHANAN COUNTY*

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

May 4, 2023 — Date

/s/ Judy Hunt — Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with ______________________, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:
______________________ (name) ______________________ (title).

☐ other: ______________________.

Served at ______________________ (address)

in ______________ (County/City of St. Louis), MO, on ______________ (date) at __________ (time).

______________________ Printed Name of Sheriff or Server

______________________ Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on ______________________ (date).

*(Seal)*

My commission expires: ______________ Date ______________________ Notary Public

**Sheriff's Fees, if applicable**

| | |
|---|---|
| Summons | $________ |
| Non Est | $________ |
| Sheriff's Deputy Salary Supplemental Surcharge | $ 10.00 |
| Mileage | $________ (______ miles @ $.______ per mile) |
| **Total** | **$________** |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

Case 5:23-cv-06073-FJG Document 1-2 Filed 06/16/23 Page 17 of 20

Electronically Filed - Buchanan - May 22, 2023 - 11:09 AM

# AFFIDAVIT OF SERVICE

| Case: 23BU-CC00682 | Court: 5TH JUDICIAL CIRCUIT | County: Buchanan, MO | Job: 8889369 |
|---|---|---|---|
| Plaintiff / Petitioner: SHAWN HUGHS | | Defendant / Respondent: BLUE RIDGE BANK AND TRUST CO. | |
| Received by: Innovative Legal Solutions LLC | | For: SPARKS LAW FIRM LLC | |
| To be served upon: BLUE RIDGE BANK AND TRUST CO. | | | |

I, CODY KYSER, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:** Cindy Seymore, Company: 4200 Little Blue Pkwy, Independence, MO 64057

**Manner of Service:** Corporation, May 18, 2023, 2:17 pm CDT

**Documents:** SUMMON, PETITION AND JURY DEMAND

**Additional Comments:**

1) Successful Attempt: May 18, 2023, 2:17 pm CDT at Company: 4200 Little Blue Pkwy, Independence, MO 64057 received by Cindy Seymore. Age: 50; Ethnicity: Caucasian; Gender: Female; Weight: 145; Height: 5'3"; Hair: Blond; Relationship: Teller, Authorized to accept service. ; Cindy Seymore, bank teller, authorized to accept service, accepted service documents.

Cody Kyser 5/18/2023

CODY KYSER — **Date**

PPS23-0093

Innovative Legal Solutions LLC
16657 E 23rd St S 305
Independence, MO 64055
816-284-6453

*Subscribed and sworn to before me by the affiant who is personally known to me.*

**Notary Public**

5-18-23 — 05-25-26

**Date** — **Commission Expires**

Alisha Lynn Allen
Notary Public Notary Seal
State of Missouri
Jackson County
My Commission Expires 5/25/2026
Commission # 21404610



# IN THE 5TH JUDICIAL CIRCUIT, BUCHANAN COUNTY, MISSOURI

| Judge or Division: KATE H SCHAEFER | Case Number: 23BU-CC00682 |
|---|---|
| Plaintiff/Petitioner: SHAWN HUGHS vs. | Plaintiff's/Petitioner's Attorney/Address SAMANTHA JOANNE ORLOWSKI 2025 ZUMBEHL RD #102 ST CHARLES, MO 63303 |
| Defendant/Respondent: BLUE RIDGE BANK AND TRUST CO. | Court Address: BUCHANAN CO COURTHOUSE 411 JULES ST SAINT JOSEPH, MO 64501 **STATUS REVIEW HEARING SET: JULY 27, 2023 AT 9:00 A.M. DIV 1** |
| Nature of Suit: CC Other Miscellaneous Actions | |

(Date File Stamp)

Electronically Filed - Buchanan - May 22, 2023 - 11:09 AM

## Summons in Civil Case

**The State of Missouri to: BLUE RIDGE BANK AND TRUST CO.**
**Alias:**

**REG. AGENT: BANK AND TRUST SER**
**4200 LITTLE BLUE PARKWAY**
**INDEPENDENCE, MO 64050**

*COURT SEAL OF*

*BUCHANAN COUNTY*

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

May 4, 2023 — Date

/s/ Judy Hunt — Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with ______________________, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:
______________________ (name) ______________________ (title).

☐ other: ______________________.

Served at ______________________ (address)

in ______________ (County/City of St. Louis), MO, on ______________ (date) at __________ (time).

______________________ Printed Name of Sheriff or Server

______________________ Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on ______________________ (date).

*(Seal)*

My commission expires: ______________ Date ______________ Notary Public

**Sheriff's Fees, if applicable**

| | |
|---|---|
| Summons | $______ |
| Non Est | $______ |
| Sheriff's Deputy Salary Supplemental Surcharge | $ 10.00 |
| Mileage | $______ (______ miles @ $.______ per mile) |
| **Total** | **$______** |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

SJRC (07-21) SM30 (SMCC) *For Court Use Only:* **Document ID # 23-SMCC-415** 1 of 1 (23BU-CC00682) Civil Procedure Form No. 1, SCR 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Electronically Filed - Buchanan - May 22, 2023 - 11:09 AM

# AFFIDAVIT OF SERVICE

| Case: 23BU-CC00682 | Court: 5TH JUDICIAL CIRCUIT | County: Buchanan, MO | Job: 8889369 |
|---|---|---|---|
| **Plaintiff / Petitioner:** SHAWN HUGHS | | **Defendant / Respondent:** BLUE RIDGE BANK AND TRUST CO. | |
| **Received by:** Innovative Legal Solutions LLC | | **For:** SPARKS LAW FIRM LLC | |
| **To be served upon:** BLUE RIDGE BANK AND TRUST CO. | | | |

I, CODY KYSER, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:** Cindy Seymore, Company: 4200 Little Blue Pkwy, Independence, MO 64057
**Manner of Service:** Corporation, May 18, 2023, 2:17 pm CDT
**Documents:** SUMMON, PETITION AND JURY DEMAND

**Additional Comments:**
1) Successful Attempt: May 18, 2023, 2:17 pm CDT at Company: 4200 Little Blue Pkwy, Independence, MO 64057 received by Cindy Seymore. Age: 50; Ethnicity: Caucasian; Gender: Female; Weight: 145; Height: 5'3"; Hair: Blond; Relationship: Teller, Authorized to accept service. ; Cindy Seymore, bank teller, authorized to accept service, accepted service documents.

Cody Kyser
CODY KYSER
PPS23-0093

5/18/2023
**Date**

Innovative Legal Solutions LLC
16657 E 23rd St S 305
Independence, MO 64055
816-284-6453

*Subscribed and sworn to before me by the affiant who is personally known to me.*

**Notary Public**

5-18-23
**Date**

05-25-26
**Commission Expires**

Alisha Lynn Allen
Notary Public Notary Seal
State of Missouri
Jackson County
My Commission Expires 5/25/2025
Commission # 21404610